IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANN B. SILBERT,

        Plaintiff,

vs.                                          CIVIL NO. 02-497 MCA/LFG

HARTFORD INSURANCE COMPANY
OF THE MIDWEST and AMERICAN
ASSOCIATION OF RETIRED
PERSONS,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiff Ann B. Silbert's ["Silbert"] Motion to Compel Discovery [Doc. 45]. The Court considered Silbert's motion as well as Defendant Hartford Insurance Company of the Midwest's ["Hartford"] response. Silbert did not file a reply and the time for doing so has elapsed. Silbert filed a notice of completion of the briefing on this motion on September 30, 2003 [Doc. 59]. Thus, this motion is now ripe for adjudication.

This case arises out of a claim for additional benefits under a policy of fire insurance issued by Hartford for a fire loss occurring on September 20, 2000. The loss occurred in the State of New Mexico.

Silbert seeks to compel responses to Interrogatories No. 2 and 3. In Hartford's response, it contends that it has supplemented its answer to Interrogatory No. 2. Silbert does not challenge that representation. Therefore, the Court concludes that the dispute concerning a further answer to Interrogatory No. 2 is resolved.

In Interrogatory No. 3, Silbert asks:

> Please identify each and every claim or formal complaint (with the state Public Regulatory Commission's Insurance Division or Attorney General's Office) made against HARTFORD INSURANCE COMPANY OF THE MIDWEST for unfair practices, bad faith, or breach of contract as the result of disputes regarding payment under the insured's policy. This request is limited to claims and complaints made in New Mexico, Arizona and Colorado in the past ten (10) years. In identifying a claim or complaint, give the claimant's name, last known address, the type of claim/complaint made, whether litigation resulted, and the disposition of each claim/complaint.

Hartford objects, contending that the request is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not subject to discovery under State Farm Mutual Automobile Insurance Co. v. Campbell, ___ U.S. ___, 123 S. Ct. 1513, (2003).  The Court agrees.

"Any and all" and "each and every" interrogatories are improper.  They tend to be overly broad, vague and ambiguous on their face.  Horizon Holdings, LLC v. Genmar Holdings, Inc., 209 F.R.D. 208, 215 (D. Kan. 2002); IBP, Inc. v. Mercantile Bank of Topeka, 179 F.R.D. 316, 321-322 (D. Kan. 1998).  Any attempt by the responding party to answer such broad and sweeping questions will generally come up short.  The questions therefore are not specific enough to allow a reasonable answer without subjecting the responding party to a claim that it has failed to provide "any and all" or respond to "each and every" item suggested.

When a requesting party asks for too much, it runs the risk that it may get no information at all.  Thus, questions should be narrowly tailored to elicit specific information and not, as in this case, so overly broad that responding to them becomes impossible.

2

In State Farm v. Campbell, the Supreme Court noted that conduct occurring in states other than the forum district cannot serve as the basis for punitive damage considerations, as the forum state has no authority to regulate extraterritorial conduct. Indeed, admission of evidence concerning extraterritorial conduct was found by the Court to be improper and served in part as the basis for the reversal of the plaintiff's damage award.

The Court here determines that discovery of evidence outside of the state where the fire occurred and, apparently where the claim was denied, is marginally relevant at best. In accord with the Court's analysis in State Farm v. Campbell, this Court determines that extraterritorial discovery is indeed objectionable and will not be permitted.

To the extent Silbert believes this information is reasonable and necessary to assist in the prosecution of her claims, the information is readily available to her. The type of information she seeks from attorneys general and various insurance regulatory agencies will likely be considered a public record and thus Silbert is free to obtain this information on her own directly from the various regulatory agencies or offices of the various attorneys general in these states.

An additional concern is the length of time for which information is sought. In Interrogatory No. 3, Silbert seeks to have Hartford compile information for the ten-year period prior to suit. In the context of employment discrimination cases, courts have held that discovery of information before and after the liability period may be relevant and/or reasonably calculated to lead to the discovery of admissible evidence. However, in those kinds of cases, courts have commonly placed a reasonable limitation on the number of years prior to suit for which information should be produced. For example, in James v. Newspaper Agency Corp., 591 F.2d 579, 582 (10th Cir. 1979), the court limited the production of information to four years prior to the liability period. In EEOC v. Kansas City

3

Southern Railway, 195 F.R.D. 678, 679-80 (D. Kan. 2000), the court allowed discovery for three years prior and one year after the liability period.  Similar limitations were imposed in McClain v. Mack Trucks, Inc., 85 F.R.D. 53, 63 (E.D. Pa. 1979), where a five-year limitation period prior to liability was imposed, and in Cormier v. PPG Industries, Inc., 452 F. Supp. 594, 596 (W.D. La. 1978), the court also capped discovery at no more than five years prior to the liability period.

Here, Silbert has failed to offer any argument why evidence of claims and complaints made in the ten years prior to the liability period is reasonable.  The Court deems that it is not reasonable and will impose a limitation of discovery to four years prior to the liability period.

While Silbert has made requests that are overly broad, and the Court could well deny any discovery because of the overbreadth of the request, such a ruling may well prevent Silbert from proving an essential element of her claim.  Accordingly, the Court will require the disclosure of lawsuits filed against Hartford for fire policy claims denied in New Mexico for a period of four years prior to the denial of Silbert's claim in this case.  The request will be limited to denials occurring in the State of New Mexico and further limited to denials of coverage on fire policy claims.  Hartford should identify the style of the case, court and docket number, and should disclose where litigation resulted and the disposition of any such litigation.

Similarly, Hartford should disclose whether complaints were filed with New Mexico's insurance regulatory commission (Public Regulatory Commission) or with the State's Attorney General's division asserting complaints for denial of coverage on fire claims within the four years preceding the liability period in this case.

The information ordered to be produced shall be produced within fifteen days.

<u>Request for Production No. 3</u> requires Hartford to produce copies of all "policy handbooks, manuals, or memorandum regarding the handling of fire insurance claims in New Mexico in effect in the year 2000."

In response to the motion, Hartford offered to provide guidelines in possession of Ms. Larson and Mr. Wilson concerning the claims handling procedures applicable to Silbert's claim. The proposal appeared reasonable and was apparently accepted, as Silbert did not file a reply challenging that proposal. Accordingly, Hartford shall, within fifteen days, produce the guidelines in possession of Ms. Larson and Mr. Wilson concerning the policies and procedures in handling Silbert's claim.

<u>Request for Production No. 4</u> is simply a request to provide copies of any document that Hartford will rely on to prove any affirmative defense. Indeed, this is an obligation imposed on Hartford under its initial disclosure obligations. Information on which Hartford will rely in supporting its affirmative defenses should have been provided without the need for a specific request. Therefore, in accord with the initial disclosure requirements, Hartford shall, within fifteen days, produce or make available for inspection any document on which it will rely in the prosecution of its affirmative defenses. The failure to produce any document will result in Hartford being denied the right to use the document at the time of trial.

The Court finds that there was no bad-faith refusal to produce information and, indeed, the Court has sustained several of Hartford's objections. Accordingly, the request for sanctions is denied. Each party shall bear her/its own attorney fees or costs.

IT IS SO ORDERED.

                                                      *Lorenzo F. Garcia*
                                                      Lorenzo F. Garcia
                                                      Chief United States Magistrate Judge